**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

AMERICAN SERVICES, LLC                                                          PLAINTIFF

v.                                                                    NO. 3:25-CV-321-RPC-RP

TEN 4 SYSTEM, LTD., et al.                                                      DEFENDANTS

**MEMORANDUM OPINION**

American Services, LLC (American) brought an Amended Complaint [24][1] against multiple defendants for failure to pay after American was retained for environmental clean-up when a truck hauling rubber caught fire in Tate County, Mississippi. [24 at pg. 2]. In response, FreightOnTime (FOT)—the defendant who brokered the transport of the rubber from Louisiana to Canada—moved to dismiss the complaint for lack of jurisdiction as well as failure to state a claim. [32]. American responded claiming jurisdiction and, alternatively, requesting that the Court grant jurisdictional discovery to determine whether the Court has personal jurisdiction over FOT. [40, 42]. American also requests, as part of their Memorandum in Response to the Motion to Dismiss [41], that it be granted leave to amend its complaint should the Court find that its pleadings are insufficient. The Court has reviewed the parties' respective filings and the relevant law. For the reasons set forth in this Memorandum Opinion, the Court **GRANTS** the Motion to Dismiss [32] and **DENIES** the Motion for Jurisdictional Discovery [42]. American's request for leave to amend its complaint is, likewise, **DENIED**.

*Relevant Background*

According to the Complaint, on February 23, 2023, a tractor trailer caught fire along Interstate 55 in Tate County, Mississippi. [24 at pg. 2]. American "was hired for environmental

---

[1] American's original state court Complaint [2] was superseded by the Amended Complaint [24] filed on February 17, 2026. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35, 145 S. Ct. 41, 220 L. Ed. 2d 289 (2025).

1

cleanup." [24 at pg. 2]. After American had completed the cleanup, it "submitted an invoice in the amount of $362,805.65 on or about March 23, 2023." [24 at pg. 3]. The invoice was not paid, so American made collection efforts through Holland & Hisaw, Attorneys at Law. [24 at pg. 3]. American was still unable to collect the amount it alleged was owed, so this lawsuit followed. On October 31, 2025, FOT removed the case to the Northern District of Mississippi, pursuant to 28 U.S.C. §§ 1332 and 1441 which give this Court jurisdiction over actions in diversity [1]. In its Amended Complaint, American named as Defendants: Ten 4 System, Ltd. (Ten 4); 2108556 Alberta, Ltd. d/b/a Fast Lane Truckers (Alberta); R.T Vanderbilt Holding Company, Vanderbilt Chemicals, LLC, Vanderbilt Global Services, LLC d/b/a Vanderbilt Chemicals, LLC, (collectively, Vanderbilt); and FreightOnTime Transportation, Inc. (FOT). [24]. On March 17, 2026, this Court dismissed the Vanderbilt Defendants without prejudice at the request of American pursuant to Federal Rule of Civil Procedure 41(a)(2) [39]. The remaining Defendants were then Ten 4, Alberta, and FOT. FOT moved to dismiss the case based on a lack of jurisdiction as well as failure to state a claim. [32].

According to FOT's Memorandum in support of the Motion to Dismiss [33], FOT was contacted by Vanderbilt to find a carrier to transport "rubber (neoprene) from Hammond, Louisiana, to Welland, Ontario." [33 at pg. 1]. FOT located Alberta, who agreed to transport the rubber. *Id.* However, FOT claimed that Alberta "passed along performance of the shipment to another carrier, Ten 4[,]" without FOT's knowledge. [33 at pg. 2]. Ten 4's driver was operating the tractor trailer hauling the rubber when it caught fire in Mississippi. *Id.*

FOT states that it is incorporated and has its principal place of business in Ontario, Canada. [1]. Furthermore, FOT is not registered to do business in Mississippi. [1]. American does not dispute these facts. According to American's Amended Complaint [24], FOT brokered the

shipment that was being carried in the tractor trailer when it caught fire. The entirety of the allegation against FOT in the Amended Complaint [24] states: "The shipment is believed to have been brokered by FreightOnTime. FreightOnTime negligently hired and retained and/or failed to properly vet Ten 4 and/or 2108556 Alberta before allowing those entities to transport the hazardous substances that American was hired to remediate." FOT alleges that this Court lacks personal jurisdiction over it, and alternatively, that American has failed to state a claim. [32]. Therefore, FOT requests that it be dismissed as a party in this case. [32]. American requests the motion be denied or, alternatively, this Court grant jurisdictional discovery so that it may further probe the question of personal jurisdiction. [42]. American also requests leave to amend its complaint if the Court finds that its pleadings are insufficient. [41].

*Standard*

FOT seeks dismissal from this action under Rule 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and failure to state a claim. "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Allred v. Moore & Peterson,* 117 F.3d 278, 281 (5th Cir. 1997) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). In order to carry its burden, American "need only present *prima facie* evidence" of personal jurisdiction. *Patterson v. Aker Sol. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016) (quoting *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)). "A federal district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." *Allred*, 117 F.3d at 281 (citing *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989). "To survive dismissal under the Rule 12(b)(6) standard, 'a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must

allow a reasonable inference that the plaintiff should prevail.'" ***Poston v. Wood***, No. 4:24-cv-117-DMB-JMV, 2026 WL 867505 at \*2 (N.D. Miss. Mar. 30, 2026) (quoting ***Mandawala v. Ne. Baptist Hosp.***, 16 F.4th 1144, 1150 (5th Cir. 2021)). The Court "take[s] the well-pled factual allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." ***Lane v. Halliburton***, 529 F.3d 548, 557 (5th Cir. 2008) (citing ***In re Katrina Canal Breaches Litig.***, 495 F.3d 191, 205 (5th Cir. 2007)).

*Discussion*

## I.      Personal Jurisdiction

"A district court has personal jurisdiction over a nonresident defendant if the forum's long-arm statute creates personal jurisdiction over the defendant and this exercise of personal jurisdiction comports with federal due process." ***Pace v. Cirrus Design Corp.***, 93 F.4th 879, 894 (5th Cir. 2024) (citing ***Revell***, 317 F.3d at 469). Mississippi's long-arm statute is found in Mississippi Code Section 13-3-57. It states that personal jurisdiction over a nonresident defendant is authorized "if the defendant (1) makes a contract with a resident of Mississippi to be performed in whole or in part in Mississippi; (2) commits a tort in whole or in part in Mississippi; or (3) conducts any business or performs any character of work in Mississippi." ***Id.*** (citing Miss. Code Ann. § 13-3-57). It is undisputed that FOT is a nonresident defendant. FOT is incorporated and has its principal place of business in Ontario, Canada. [24, 1]. American argues that personal jurisdiction is authorized under the tort prong, and possibly, the doing business prong of the long-arm statute. [41 at pg. 5].

"Under the tort prong of the Mississippi long-arm statute, personal jurisdiction is proper if any element of the tort (or any part of any element) takes place in Mississippi." ***Allred***, 117 F.3d at 282. Furthermore, a tort is completed when the injury occurs. ***Id.*** (citing ***Smith v. Temco, Inc.***,

252 So. 2d 212, 216 (Miss. 1971)). American argues that the tort that it alleges FOT committed—negligent vetting and/or hiring—was not completed until the fire occurred in Mississippi. [41 at pgs. 5-6]. Therefore, an element of the tort—the fire resulting in injury to American—occurred in Mississippi and satisfies the tort prong of the long-arm statute. This Court is unable to read the complaint so liberally. American does not allege any causal link between FOT's negligent hiring and/or vetting of Ten 4 and/or Alberta and the tractor trailer fire. Nor does it allege that by negligently hiring and/or vetting the carriers, FOT knew or should have known that they would not pay American for the environmental cleanup. It is difficult for this Court to see exactly what harm FOT is alleged to have caused based on the Amended Complaint. Again, the *only* allegation against FOT in the Amended Complaint [24] states: "The shipment is believed to have been brokered by FreightOnTime. FreightOnTime negligently hired and retained and/or failed to properly vet Ten 4 and/or 2108556 Alberta before allowing those entities to transport the hazardous substances that American was hired to remediate." Nowhere in the Amended Complaint does American even allege that the fire was the result of negligence on behalf of Ten 4 or Alberta. It only claims that there was a fire and that American cleaned up the aftermath. American appears to claim that it was injured by the failure of some party to pay the invoice. But causation is clearly lacking from the face of this Amended Complaint. American has failed to plausibly allege personal jurisdiction under the tort prong of Mississippi's long-arm statute.

As for the doing business prong, American merely requests that this Court grant it the opportunity to conduct jurisdictional discovery to discover the extent of FOT's contacts with Mississippi, as well as if and how FOT vetted Alberta and/or Ten 4. [42]. "As the party opposing dismissal and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery." ***Monkton Ins. Servs. v. Ritter***, 768 F.3d 429, 434 (5th Cir. 2014) (quoting ***Davila***

5

*v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)). "A plaintiff is not entitled to jurisdictional discovery when 'the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion.'" *Id.* (quoting *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009)). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *Pace*, 93 F.4th at 902 (quoting *Feilding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). However, American has not "asserted specific facts to support [its] allegations of jurisdiction or that [FOT] did business in the forum." *Id.*

To support its request for jurisdictional discovery, American states that "FOT brokered a shipment of goods that was transported through Mississippi and ultimately caught fire in this State." [43 at pg. 5]. American goes on to say that "it is undisputed that FOT brokered a shipment that it knew (or should have known) would be driven through Mississippi to Canada from Louisiana." [43 at pg. 6]. This is no more than reliance "on vague assertions that additional discovery will produce needed, but unspecified facts,' which is insufficient to allow jurisdictional discovery." *Pace*, 93 F.4th at 902, (quoting *Freeman*, 556 F.3d at 341-42). American never states what it expects the jurisdictional discovery to reveal. It merely requests very broad discovery relating to FOT's business and never presents "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts" that FOT had with Mississippi. *Id.* (quoting *Fielding*, 415 F.3d at 429). Therefore, American's Motion for Jurisdictional Discovery [42] is **DENIED**.

Because American has failed to demonstrate that Mississippi's long-arm statute authorizes personal jurisdiction over FOT, it is unnecessary for this Court to proceed to analyze whether

6

jurisdiction comports with due process. *Etienne v. Wartsila N. Am., Inc.*, 667 F. Supp. 3d 235, 241 (S.D. Miss. Mar. 31, 2023) ("But if the long-arm statute does not allow for the assertion of personal jurisdiction over the defendant, the Court need not consider the due process issue." (citing *Cycles*, 889 F.2d at 616)). This Court determines that it lacks personal jurisdiction over FOT, and therefore, FOT shall be **DISMISSED** as a party from this action.

## II.       Failure to State a Claim[2]

As discussed in the previous section, it is clear to this Court that American's Amended Complaint [24] does not sufficiently allege the tort of negligent hiring and/or vetting. Nowhere does American allege causation, which is essential to sustain its claim of negligence against FOT. *See Midwest Feeders, Inc. v. Bank of Franklin*, 114 F. Supp. 3d 419, 429 (S. D. Miss. July 7, 2015); *Montgomery v. CitiMortgage, Inc.*, 955 F. Supp. 2d 640, 648 (S. D. Miss. July 8, 2013). American never alleges that if FOT had properly vetted Alberta and/or Ten 4, American would not have suffered harm, or that proper vetting would have turned up some deficiency in Alberta and/or Ten 4. In paragraph 13 of its Amended Complaint [24], American states that

> Section 49-17-43 of the Mississippi Code provides that "any person creating or responsible for creating an immediate necessity for such remedial or clean-up action involving solid waste shall be liable for the cost of such action," thus establishing that the parties who owned or participated in transporting the substances are responsible for the cost of cleaning up any environmental spill.

[24 at pg. 3]. The quoted language is not found anywhere in Mississippi Code Section 49-17-43. In fact, the quoted language that American attributes to Section 49-17-43 is actually found in

---

[2] In addition to its argument that American did not sufficiently plead negligence, FOT also argued that, based on Seventh and Eleventh Circuit interpretations, the Federal Aviation Administration Authorization Act (F4A) preempted American's negligence claim against FOT. [33 at pg. 16]. FOT did note, however, that a case was currently pending before the Supreme Court based on the circuit split on whether the F4A preempted state law negligence claims against brokers—*Montgomery v. Caribe Transport II, LLC*, No. 24-1238. On May 14, 2026, the Supreme Court handed down its decision in *Montgomery*, and without deciding whether the F4A preempted state law negligence claims, the Supreme Court held that the F4A's "safety exception" did apply to negligent-hiring claims against brokers, so they would not be preempted. *Montgomery*, 608 U.S. ----, 146 S. Ct. 1199, 1204 n.2, 1205, --- L. Ed. 2d. --- (May 14, 2026).

Mississippi Code Section 17-17-29(4)—a statute pertaining to penalties for non-compliance of solid waste disposal. Section 49-17-43(4) states, in relevant part, that "Any person *who owns or operates facilities* which, through misadventure, happenstance or otherwise, cause pollution necessitating immediate remedial or clean-up action shall be liable for the cost of such remedial or clean-up action." (emphasis added). Section 49-17-42 never mentions penalties for a party involved in transporting the substances.[3] Nor does American ever allege that, based on the misquoted language from Section 49-17-43, any of the Defendants "created or were responsible for creating an immediate necessity for remedial or clean-up action." [24 at pg. 3].

American does request that, in the case this Court finds its pleading to be insufficient, it be granted to the opportunity to amend its complaint once again. [41 at pg. 8]. "While there is a strong presumption in favor of granting leave to amend, a district court may refuse leave to amend if the complaint as amended would be subject to dismissal." ***Ackerson v. Bean Dredging, LLC***, 589 F.3d 196, 208 (5th Cir. 2009) (footnotes omitted). American has not proposed any amendment to its complaint for this Court to evaluate. *See* ***Banda v. City of McAllen, Tex.***, No. 24-40508, 2025 WL 3094122 at *5 (5th Cir. 2025) ("A movant seeking to cure an initial complaint's defects 'must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects.'" (quoting ***Scott v. U.S. Bank Nat'l Ass'n***, 16 F.4th 1204, 1209 (5th Cir. 2021)). Instead, American attempts to clarify what it is alleging against FOT:

> To be clear, American Services contends that as the broker on the shipment in issue in this case, FOT had a duty to investigate and vet the carrier and that FOT failed

---

[3] The Court also notes that the fines, penalties, and other sums allowed to be recovered or collected under Section 49-17-43 and under Section 17-17-29 appear to only be recoverable and collectable by the Mississippi Commission on Environmental Quality (MCEQ). No language in either Section 17-17-29 or 49-17-43 appears to give a private company—like American—the ability to hold parties liable for the cost of remedial clean-up. The MCEQ may contract with private companies for remediation and clean-up services under both Section 17-17-29 and 49-17-43. The private company could then seek payment through the MCEQ.

to do so. In other words, American Services has asserted a state law tort claim for a breach of duties owed by FOT which, in turn, resulted in damages to American Services.

[41 at pg. 8]. Not only is this an insufficient request for leave to amend[4], were the Court to grant leave for American to amend its complaint to clarify its claim against FOT, the amended complaint would remain subject to dismissal for failure to state a claim. *See **Ackerson***, 589 F.3d at 208. American still has not proposed to allege or clarified how FOT's failure to vet the carrier resulted in damages to American. Therefore, leave to amend is **DENIED**.

<em>Conclusion</em>

For the reasons set forth above, FOT's Motion to Dismiss [32] is **GRANTED**. American's Motion for Jurisdictional Discovery [42] and request for leave to amend its complaint are **DENIED**. FOT is **DISMISSED with prejudice** as a party from this case.

SO ORDERED, this the 4th day of June, 2026.

UNITED STATES DISTRICT JUDGE

---

[4] *See **Johnson v. Tyson Foods, Inc.***, No. 22-10171, 2023 WL 2645553 at *4 (5th Cir. 2023) (holding that the district court did not abuse its discretion by denying the plaintiffs' request to amend their complaint which was contained in their response to a motion to dismiss and did "not attach or list the contents of a proposed amendment.")