### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**AMERICAN SERVICES, LLC**              **PLAINTIFF**

**v.**                   **NO. 3:25-CV-321-RPC-RP**

**TEN 4 SYSTEM, LTD., et al.**            **DEFENDANTS**

### MEMORANDUM OPINION

American Services, LLC (American) brought an Amended Complaint [24][1] against multiple defendants for failure to pay after American was retained for environmental clean-up when a truck hauling rubber caught fire in Tate County, Mississippi. [24 at pg. 2]. In response, Ten 4 System, Ltd. (Ten 4)—the defendant whose driver was operating the truck when it caught fire—moved to dismiss the complaint for failure to timely serve process and failure to state a claim [62]. Additionally, Ten 4 moved for summary judgment as to American's CERCLA claim [62]. American responded that service on Ten 4 was proper and moved for leave to amend its complaint [73, 74, 75]. The Court has reviewed the parties' respective filings and the relevant law. For the reasons set forth in this Memorandum Opinion, the Court **GRANTS** the Motion to Dismiss, or alternatively, Motion for Summary Judgment [62] and **DENIES** the Motion for Leave to File an Amended Complaint [75] as to the claims against Ten 4. American's request for Leave to File an Amended Complaint [75] as it pertains to 21085565 Alberta Ltd. (Alberta) and John Does 1-10 is **GRANTED**.

### *Relevant Background*

The relevant facts of the case have been laid out in a prior Memorandum Opinion and Order of this Court [69]. Two identified defendants remain in this case: Ten 4 and Alberta. Alberta has

---

[1] American's original state court Complaint [2] was superseded by the Amended Complaint [24] filed on February 17, 2026. ***Royal Canin U.S.A., Inc. v. Wullschleger***, 604 U.S. 22, 35, 145 S. Ct. 41, 220 L. Ed. 2d 289 (2025).

1

yet to enter an appearance or file any response to the complaint and American has obtained an Entry of Default against Alberta [68]. American filed its original complaint in state court on August 12, 2025 [2]. Once the case was removed on October 31, 2025, American amended its complaint [24] on February 17, 2026.  Ten 4 was not served with process until April 21, 2026—172 days after the case was removed to this Court and 252 days after the original complaint was filed [57]. Although Ten 4 is a Canadian company, American ultimately served it with process via a designated agent located in Magee, Mississippi [57].

### *Standard*

Ten 4 seeks dismissal from this action under Rules 12(b)(5) and 12(b)(6) for improper service of process and failure to state a claim. "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 858 F.2d 1344, 1346 (5th Cir. 1992)). "To survive dismissal under the Rule 12(b)(6) standard, 'a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail.'" *Poston v. Wood*, No. 4:24-cv-117-DMB-JMV, 2026 WL 867505 at *2 (N.D. Miss. Mar. 30, 2026) (quoting *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021)).  The Court "take[s] the well-pled factual allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

Additionally, Ten 4 requests summary judgement as to American's CERCLA claim. Federal Rule of Civil Procedure 56 states that a motion for summary judgment shall be granted by

2

the Court when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Finally, American asks for leave of this Court to file an amended complaint. Generally, leave to amend a complaint shall be liberally granted. *See* ***Assoc. of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.***, 103 F.4th 383, 394 (5th Cir. 2024). However, once a scheduling order has been entered and the deadline to amend pleadings has passed, Federal Rule of Civil Procedure 16(b) applies, and the moving party must demonstrate good cause to amend. ***S&W Enter., L.L.C. v. SouthTrust Bank of Al., NA***, 315 F.3d 533, 536 (5th Cir. 2003).

## *Discussion*

### I.      Timeliness of Service

Federal Rule of Civil Procedure 4 governs service of process. Ten 4 argues that under Rule 4(m), American had 90 days to serve it with process and that American failed to do so [63]. Rule 4(m) states that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against the defendant or order that service be made within a
> specified time. . . . This subdivision (m) does not apply to service in a foreign
> country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule
> 71.1(d)(3)(A).

"Filing an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service." 4B Wright & Miller's Federal Practice & Procedure § 1137 (4th ed. 2026); *see also* ***Wilson v. Select Portfolio Servicing, Inc.***, No. 3:25-CV-01260-S-BT, 2026 WL 692615 at *1 (N.D. Tex. Feb. 2, 2026). The record is clear that American served Ten 4 252 days after the original complaint was filed—clearly exceeding the 90-day time limit set by Rule 4(m) [57]. However, American argues that Rule 4(m) is inapplicable here because Ten 4 is a foreign corporation—namely Canadian. American offers three affidavits of process servers who

3

separately attempted service on Ten 4 in Canada three different times in October of 2025 [73, Exhibits 1-3]. American also stated in its response that it "has continued those efforts to serve Ten 4 in Canada since that time, to no avail. Ultimately, [American] was able to serve Ten 4 via an agent in Magee, Mississippi, on April 21, 2026." [74]. Although American claims that it continued to attempt service in Canada, it offers no other proof of these continuing efforts aside from the three affidavits which stated that service was attempted in October of 2025.

This Court notes that American served Ten 4 via its designated agent in Magee, Mississippi after Ten 4 was timely served with process by FreightOnTime (FOT), who seemed to have no trouble finding the appropriate agent for service. As this Court's prior Memorandum Opinion [69] laid out, FOT was a defendant in this case that has since been dismissed for lack of personal jurisdiction. Before it was dismissed, FOT filed an Answer to the Amended Complaint, Third-Party Complaint against John Does 1-5, and Cross claim against Alberta and Ten 4 on February 19, 2026 [34]. On April 10, 2026, FOT filed proof of service on Ten 4 [52]. The proof of service provided that FOT had timely served Ten 4 via Beverly Warren, "who is designated by law to accept service of process on behalf of Ten 4 . . . at 309 Fifth Avenue SW, Magee, MS 39111 . . . ." [52].[2] Thereafter, on April 27, 2026, American filed its proof of service on Ten 4 via Beverly Warren in Magee, Mississippi—252 days after it filed its original complaint [57].

Rule 4(m) does provide for an extension of time to serve if the plaintiff "shows good cause for the failure[.]" Fed. R. Civ. P. 4(m). The Fifth Circuit has

held that "good cause" under Rule 4(m) requires:

> **at least** as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement **and** some reasonable

---

[2] It took FOT 48 days to serve Ten 4 with process.

4

basis for noncompliance within the time specified" is normally required.

*Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (emphasis in original) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). American has never sought leave of this Court for an extension of time to serve Ten 4. Nor has American demonstrated diligence in its attempts to serve Ten 4. American has not demonstrated good cause for its failure to timely serve Ten 4 and does not attempt to do so. American merely argues that the 90-day time limit does not apply because Ten 4 is a Canadian entity and there is no time limit outlined in Rule 4 to serve process outside the United States [74]. American also submits that its attempts to serve Ten 4 in Canada and the open-ended time limit to serve an entity outside the United States should be deemed good cause [74]. While American is correct that Rule 4 does not limit the amount of time to serve process outside the United States, American did not serve Ten 4 with process outside of the United States. It served Ten 4 with process in Magee, Mississippi via Ten 4's designated agent [57]. Furthermore, it seems apparent to this Court that American only attempted this method of service after observing FOT's successful proof of service. This does not demonstrate diligence or good cause to this Court. Therefore, this Court finds that American did not timely serve Ten 4 and this matter would be dismissed as to Ten 4 without prejudice, if it were not for the other defects outlined below.

## II.     Failure to State a Claim & Leave to Amend Complaint

American's Amended Complaint [24] alleges that Ten 4 is liable under two Mississippi statutes:[3] Section 11-53-81 and Section 49-17-43. The Court need not analyze either of these causes of action because American expressly withdraws them in its response to Ten 4's Motion [74]. Although the Court does note that neither of the claims arising under the named Mississippi

---

[3] The Amended Complaint also raises a federal cause of action, which will be discussed in the following section.

statutes in the Amended Complaint [24] state a claim against Ten 4, and American appears to realize this fact by withdrawing the claims. Instead of defending its current claims, American seeks leave of this Court to file a second amended complaint [75]. A Case Management Order has been entered in this case which identified the deadline for the amendment of pleadings as March 17, 2026 [26]. Clearly, that date has come and gone and American made its motion for leave to amend on June 8, 2026 [75].

Once an amendment deadline set by a case management order has expired, Federal Rule of Civil Procedure 16(b)(4) controls and allows for amendment upon a showing of good cause. *See Carter v. Life Dental Group, LLC*, No. 3:24-CV-183-MPM-RP, 2026 WL 983097 at *3 (N.D. Miss. Apr. 13, 2026) (citing *S&W Enter., LLC v. South Trust Bank of Al., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003)). The Court considers the following factors to determine if good cause has been shown: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enter.*, 315 F.3d at 536 (alterations in original) (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

In defense of its untimely motion for leave to amend, American first argues that "it was not until Ten 4 filed its Motion to Dismiss that [American] understood that Ten 4 would challenge the scope and nature of the state law claims asserted against it. By that time, the March 17, 2026 amendment deadline had already passed." [76]. The Court finds this argument to be insufficient and disingenuous. American attempts to blame its untimely motion on the fact that the amendment deadline had passed before Ten 4 ever raised any concerns about the substance of the Amended Complaint [24]. In truth, the amendment deadline had already passed before Ten 4 was ever served

6

with process and given an opportunity to respond to the charges laid against it by American. For this, the fault lies entirely with American for not serving Ten 4 with process until 252 days after the complaint was filed. The Court has no sympathy for American missing the amendment deadline on this account. Therefore, the first factor does not weigh in favor of amendment.

American argues that amendment of the complaint is important because it has not "had an opportunity to correct the specific issues that Ten 4 claims to be deficient in the Complaint. If the Court were to dismiss the Complaint now, [American] would be required to refile the Complaint and begin this procedure anew." [76]. This Court agrees that for American to maintain any claim against Ten 4, the complaint would have to be amended. For one, American has withdrawn all its claims against Ten 4 in its present complaint [74]. Additionally, American's proposed amended complaint [75, Exhibit 1] brings negligence claims and a quantum meruit claim against Ten 4— both of which would be barred by the statute of limitations if this Court were to dismiss this action and American was required to refile. *See* Miss. Code Ann. § 15-1-49. Therefore, the Court finds that the importance of the amendment factor weighs in favor of allowing amendment.

American submits that Ten 4 will not suffer any prejudice if permitted to amend the complaint, stating that "[t]here is simply no prejudice to Ten 4 in allowing [American] to withdraw certain claims and provide further clarification on its remaining claims." [76]. American points out that Ten 4 does not argue that it will be prejudiced by the amendment and that unless Ten 4 is dismissed, the CMO must be amended regardless to allow adequate time for discovery. Although American has withdrawn all its claims against Ten 4 and instead proposes to raise entirely new claims in a second amended complaint, American maintains that "the basic framework" for its negligence and quantum meruit claims were set out in the first Amended Complaint [24]. This Court fails to see and American fails to identify "the basic framework" for these new claims present

in the operative Amended Complaint [24]. The Court does not see how bringing entirely new claims in a proposed amended complaint after withdrawing every cause of action against Ten 4 in the operative complaint would not prejudice Ten 4. If the Court were to allow the amendment, Ten 4 would be required to defend itself against completely new causes of action than those present in the operative complaint. The first Amended Complaint [24] does not put Ten 4 on notice of these new claims and it certainly does not contain "the basic framework" of the new claims. Furthermore, the alleged facts remain the same since the complaint was initially filed. *See Ware v. U.S. Bank Nat'l Ass'n*, 131 F. Supp. 3d 573, 579 (S.D. Miss. Sep. 17, 2015) (denying amendment for addition of new claim when "there [was] no indication that the claim could not have been raised with due diligence [when] it [was] premised on facts the [Plaintiffs] ha[d] known since the day they occurred."). For these reasons, the Court finds that the prejudice factor weighs against allowing amendment.

Neither American nor Ten 4 addresses the final factor: the availability of a continuance to cure such prejudice. *S&W Enter.*, 315 F.3d at 536. However, even without the benefit of the parties' input on this, the Court is able to conclude that this factor weighs against allowing amendment because, while a continuance could be granted in this case, it would unnecessarily delay the trial. Therefore, after considering the factors, the Court finds that they weigh against allowing amendment.

Even if the factors did not weigh against allowing amendment, the Court further finds that the proposed amended complaint is futile and would be subject to dismissal if American were given leave to amend. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (holding that an amendment is futile if it would fail to survive a 12(b)(6) motion). The proposed amended complaint does not allege any new facts, and it merely lists

conclusory allegations insufficient to state a claim under the standards of ***Twombly*** and ***Iqbal***.[4] The proposed amended complaint does not state any specific facts to support its legal conclusions. Instead, the proposed complaint lists conclusory allegations of the kitchen sink variety: that Ten 4 engaged in negligent hiring, training, and/or supervising; negligent entrustment; failure to maintain and repair; failure to inspect; failure to use proper driving procedures; et cetera. [75, Exhibit1]. These are insufficient factual bases to support a negligence or quantum meruit claim without anything more. The proposed amended complaint also seeks damages in tort for what American itself identifies as a collections case [76]. "In most jurisdictions, the 'economic-loss rule' bars recovery in tort when a party suffers economic loss unaccompanied by harm to his own person or property." ***Wiltz v. Bayer CropScience, Ltd. P'ship***, 645 F.3d 690, 695 (5th Cir. 2011) (collecting cases). Therefore, the motion to amend [75] is **DENIED** as to the claims against Ten 4.

### III.    CERCLA claim

Finally, Ten 4 asks this Court to grant summary judgment as to American's claim arising under 42 U.S.C. § 9607—the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) [63]. American also asks that its CERCLA claim be dismissed, but without prejudice so that it may investigate the claim further [74]. Ten 4 argues that it was transporting Neoprene GNA M2, which is not classified as a "hazardous substance" as designated by the EPA. *See* 40 CFR 302.4. Ten 4 also argues that American has acknowledged that it did not clean up any hazardous substances at the event in question via its manager, John Barrett's Generator Certification that was completed following the services rendered by American. The Generator Certification completed by Barrett does affirmatively acknowledge that none of the materials cleaned up by American were hazardous. [62, Exhibit 4].

---

[4] ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 556 (2007); ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009).

American offers no competent summary judgment evidence to dispute the Generator Certification nor does it attempt to do so. American also agrees that Neoprene GNA M2 is not designated as a hazardous substance. Instead, American asks that the claim be dismissed without prejudice so that American may "consult . . . experts to determine the merits, if any, of a CERCLA claim. At this stage, [American] does not anticipate seeking to re-add a CERCLA claim but requests that . . . this claim not be dismissed with prejudice for the reasons set out herein." [74]. American alleges that neoprene is made up of ingredients which are classified as hazardous substances and their exposure to the fire and possible change in composition could give rise to a CERCLA claim [74].

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but […] must set forth specific facts showing that there is a genuine issue for trial.'" ***Young v. Bd. of Supervisors of Humphreys Cnty., Miss.***, No. 4:16-CV-00066-MPM-JMV, 2018 WL 632024, at *1 (N.D. Miss. Jan. 30, 2018) (quoting ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986)). "Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires 'significant probative evidence' from the nonmovant to dismiss a request for summary judgment." ***Hill v. Concho Res., Inc.***, 634 F. Supp. 3d 359, 362 (W.D. Tex. Oct. 6, 2022) (quoting ***In re Mun. Bond Reporting Antitrust Litig.***, 672 F.2d 436, 440 (5th Cir. 1982)). Federal Rule of Civil Procedure 56(d) states that

> If a nonmovant **shows by affidavit or declaration** that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.

Rule 56(e) goes on to say that

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

American has failed to properly address—by affidavit, declaration or other proper procedure laid out in Rule 56(c)—Ten 4's assertion of fact that it was not transporting any hazardous materials designated for regulation under CERCLA and that American itself acknowledged this fact in the Generator Certification. Instead, American requests that the claim be dismissed without prejudice so that American has time to consult experts and determine whether the CERCLA claim may be supported by facts [74]. The purpose of a plaintiff's voluntary dismissal of a claim or action cannot be to avoid a negative judgment. *See Hill*, 634 F. Supp. 3d at 362 ("Plaintiff sought to withdraw his . . . claim in his response to Defendants' Motion for Summary Judgment. But Plaintiff may not unilaterally withdraw his claims to avoid a negative judgment."). Ten 4 has carried its burden to show that no genuine issue of material fact exists for trial and because American has presented no competent evidence to the contrary, the Court **GRANTS** Ten 4's Motion for Summary Judgment on the CERCLA claim.[5]

---

[5] The fact of the matter is that an agency of the State of Mississippi directed American to clean up the remnants of the fire in question, an action apparently authorized by Mississippi statute. It seems that those same statutes allow the *State of Mississippi* to recover the costs of said cleanup. No explanation has been given as to why American has not requested compensation from the state, the entity that commissioned them to act. As noted above, American asserts no factual contractual claims nor any facts to support a tort claim against Ten 4 or any other defendants. American

*Conclusion*

For the reasons set forth above, Ten 4's Motion to Dismiss or alternatively Motion for Summary Judgment [62] is **GRANTED**. American's Motion for Leave to File an Amended Complaint [75] is **GRANTED** as to John Does 1-10 and as to Counts I, V, and VI as they pertain to Alberta. In all other aspects and in any claims brought against Ten 4, the Motion [75] is **DENIED**. Ten 4 is **DISMISSED with prejudice** as a party from this case.

SO ORDERED, this the 10th day of August, 2026.

_____
**UNITED STATES DISTRICT JUDGE**

---

appears to merely be trying to get one of the defendants to pay for the cleanup without a contract or other legally recognizable agreement.

12